UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHRISTINA SCHNECK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:20-cv-1678-LCB |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| *Acting Commissioner* ) | |
| *of Social Security*, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION & ORDER

Christina Schneck appeals a final administrative decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). She argues that the Commissioner's decision denying her application for Social Security benefits is not supported by substantial evidence. (Doc. 12 at 1). For the reasons below, the Court affirms the Commissioner's decision.

**I.      STATUTORY FRAMEWORK & STANDARD OF REVIEW**

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act, an administrative law judge (ALJ) must evaluate an application for Social Security benefits pursuant to a five-step inquiry:

   (1) Is the claimant engaged in substantial gainful activity?
   (2) Does the claimant have a severe impairment?

>(3) Does the claimant's impairment meet or medically equal a specific impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
>(4) Is the claimant able to perform her former relevant work?
>(5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 404.1520(a)(4)(i)–(v).[1] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, able to perform any other work within the national economy (step 5),[2] an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as what the claimant can still do despite her limitations based on the record as a whole. 20 C.F.R. § 404.1545(a)(1). A claimant is disabled if she can perform neither her former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

---

[1] Throughout this opinion, the Court cites to and applies the regulations in effect at the time of the ALJ's decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) (per curiam) (explaining that, when reviewing the Commissioner's final decisions, federal courts apply "the regulations in effect at the time of the ALJ's decision").

[2] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

By contrast, a claimant is not disabled if she can perform her former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a claimant is not disabled, the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. § 404.1775(a). If the Appeals Council denies review, the ALJ's decision becomes a final administrative decision of the Commissioner. 20 C.F.R. § 404.1770(b)(1). A claimant may then seek judicial review of the Commissioner's decision in federal court under 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II.     FACTUAL & PROCEDURAL HISTORY

Christina Schneck suffers from lupus[3]: an autoimmune disease that often causes joint pain and extreme fatigue.[4] In November 2018, Schneck filed for a period of disability and disability insurance, alleging that she became disabled and unable to work due to her lupus the previous month. (Tr. at 210). The Commissioner denied Schneck's application at the administrative level. *Id.* at 131–32. Schneck then requested and received a hearing before an ALJ. *Id.* at 142–44.

At the hearing, Schneck testified about the severity and limiting effects of her pain. *Id.* at 79–103, 110–13. She explained that, due to the pain caused by her lupus, she can sit still for 15 minutes, stand for 20 minutes, walk 50 feet, and lift three pounds. *Id.* at 99–101. She stated that she takes Tylenol four times per day without any relief and cannot take other pain medication due to complications with her kidneys. *Id.* at 97–99. Finally, she characterized her pain as an "8/10," but added that she does not participate in any pain management treatment or use a cane or walker. *Id.* at 99–100.

Schneck also testified about her recent travel history. *Id.* at 103–10. She explained that her husband frequently travels outside the State of Alabama for work

---

[3] (Tr. at 79). "Tr" consists of a consecutively paginated record of the administrative proceedings below and spans from ECF Doc. 9-1 to ECF Doc. 9-9. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

[4] *Lupus Symptoms*, LUPUS FOUND. OF AM., https://www.lupus.org/resources/common-symptoms-of-lupus (last visited Nov. 24, 2021).

and that she accompanies him on his trips. *Id.* at 105–06. She specified that, between December 2018 and October 2019, she and her husband spent several days in New Orleans, Fort Lauderdale, and Chicago. *Id.* at 103–104. Schneck added that she and her husband were travelling back to Fort Lauderdale the following day. *Id.* at 108.

Following the hearing, the ALJ issued an order evaluating Schneck's case pursuant to the five-step inquiry outlined in the Social Security Act. *Id.* at 57–67. At steps 1 and 2, the ALJ found Schneck had not engaged in substantial gainful activity since October 2018 and that she suffers from several severe impairments, including systemic lupus erythematous. *Id.* at 59.[5] The ALJ then proceeded to step three and concluded that none of Schneck's severe impairments meet or medically equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 62.

Before proceeding to step 4, the ALJ determined Schneck's RFC. *Id.* at 62–66. In doing so, the ALJ evaluated the persuasiveness of the record medical evidence, including medical opinions from Dr. Robert Haas and Dr. David McClain. *Id.* at 65. Dr. Haas opined that Schneck has the ability to do light work, but that she can occasionally climb ramps and stairs, stoop, and crouch. *Id.* at 128–29.[6] The ALJ found that Dr. Haas's opinion was persuasive, but that evidence received at the

---

[5] The ALJ also found that Schneck suffers from three other severe impairments: (1) Sjogren's Syndrome, (2) osteopenia, and (3) mitral valve prolapse. (Tr. at 59).

[6] Under 20 C.F.R. § 404.1567(b), light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."

hearing supported reducing Schneck's exertional level to sedentary work. *Id.* at 65. On the other hand, Dr. McClain opined that Schneck cannot work due to chronic pain, fatigue, dizziness, and anxiety. *Id.* at 525. The ALJ determined that Dr. McClain's opinion was unpersuasive because it was "neither supported by nor consistent with the evidence of the record" and did not indicate what Schneck could still do despite her limitations. *Id.* at 65.

In addition to evaluating the record medical evidence, the ALJ also considered the credibility of Schneck's testimony regarding the severity and limiting effects of her pain. *Id.* at 64–66. The ALJ found that Schneck's impairments "could reasonably be expected to cause" her alleged symptoms, but that the record as a whole—including her travel history and medical opinion sources—did not support her testimony regarding the severity and limiting effects of her symptoms. *Id.* Thus, the ALJ discredited Schneck's testimony regarding the severity and limiting effects of her pain. *Id.* at 66.

After considering Schneck's testimony and the record evidence as a whole, the ALJ determined that Schneck has an RFC to perform "sedentary work"—as defined by 20 C.F.R. § 404.1567(a)[7]—with several physical limitations. *Id.* at 62. The ALJ found that Schneck can occasionally lift 10 pounds and frequently lift

---

[7] Under 20 C.F.R. § 404.1567(a), sedentary work involves occasional walking and standing; "lifting no more than 10 pounds at a time[;] and occasionally lifting or carrying articles like docket files, ledgers, and small tools."

6

5 pounds. *Id.* The ALJ also found that Schneck can sit, stand, and walk for 6 hours a day, and that she can occasionally climb stairs, bend, stoop, crouch, crawl, and squat. *Id.* But the ALJ noted that Schneck must avoid heights, dangerous machinery, and uneven surfaces. *Id.*

After determining Schneck's RFC, the ALJ moved to step 4 and considered whether Schneck is able to perform any former relevant work. *Id.* at 66. Answering this question in the affirmative,[8] the ALJ concluded that Schneck is not disabled for purposes of the Social Security Act. *Id.* at 66–67. Schneck requested review of the ALJ's decision before the Appeals Council, but the Council denied her request. *Id.* at 1. In response, Schneck filed this suit under 42 U.S.C. § 405(g). (Doc. 1 at 1).

## III.   DISCUSSION

Schneck claims that the ALJ's decision is not supported by substantial evidence. (Doc. 1 at 2). She makes two arguments in support of her position. (Doc. 12 at 5, 10). First, she argues that the ALJ erroneously discounted the evidentiary weight of Dr. McClain's medical opinion. *Id.* at 5. Second, she argues that the ALJ improperly discredited her testimony regarding the severity and limiting effects of her pain. *Id.* at 10. The Court considers each argument in turn.

---

[8] Specifically, the ALJ found that Schneck can perform her former relevant work as a "credit clerk" and as an "accounting clerk." (Tr. at 66).

### A. The ALJ did not erroneously discount Dr. McClain's opinion.

Schneck argues that the ALJ erred by discounting the evidentiary weight of Dr. McClain's medical opinion. (Doc. 12 at 5). She reasons that "[t]he law in this circuit is well established that the Commissioner must accord the opinions of the treating physician substantial or considerable weight" and cannot discount such opinions absent good cause. *Id.* The problem for Schneck, however, is that the Commissioner recently revised its regulations governing how ALJs evaluate a claimant's medical opinion sources.

Under the former regulations, which still apply to claims for disability filed before March 27, 2017, there are three types "of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 765 (11th Cir. 2014) (per curiam). An ALJ must assign "substantial or considerable weight" to a treating physician's opinion absent good cause to do otherwise. *Crawford*, 363 F.3d at 1159.[9]

But under the revised regulations, which apply to claims for disability filed on or after March 27, 2017, an ALJ does "not defer or give any specific evidentiary weight" to any medical opinion, including those of treating physicians. 20 C.F.R.

---

[9] A treating physician is an acceptable medical source who provides (or has provided) a claimant with medical treatment and has (or has had) an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1527(a)(2).

§ 404.1520c(a). Instead, when evaluating the persuasiveness of a medical opinion, an ALJ considers the opinion's "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). The persuasiveness of a medical opinion is directly corelated with the extent to which the opinion supports its conclusions with objective evidence and explanations, and the extent to which the opinion is consistent with other medical and nonmedical evidence in the record. 20 C.F.R. § 404.1520c(c)(1)–(2).

In this case, Schneck filed her claim for disability in October 2018. (Tr. at 210). As such, the revised regulations apply to Schneck's medical opinion sources, including Dr. McClain. Relying on the revised regulations, the ALJ found that Dr. McClain's opinion was unpersuasive because it was "neither supported by nor consistent with the evidence of the record" and did not indicate what Schneck could still do despite her limitations. *Id.* at 65. Thus, the ALJ correctly applied the revised regulations to Schneck's case and did not erroneously discount the evidentiary weight of Dr. McClain's medical opinion.

B. **The ALJ did not improperly discredit Schneck's testimony.**

Schneck next argues that the ALJ improperly discredited her testimony regarding the severity and limiting effects of her pain. (Doc. 12 at 10). The crux of her argument is that the ALJ failed to consider the persuasiveness of her testimony based on the record evidence as whole. *Id.* at 12–13. A claimant may establish a disability through her "own testimony of pain or other subjective symptoms." *Dyer*

*v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). To do so, a claimant must produce: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit her capacity for work. 20 C.F.R. § 404.1527(c)(1). This inquiry requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the medical evidence as a whole. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). An ALJ should consider a number of factors when determining the limiting effects of a claimant's pain, including the claimant's daily activities, the location and duration of the pain, any precipitating and aggravating factors, any medication the claimant takes to relieve the pain, and any measures the claimant uses to relieve the pain. 20 C.F.R. § 404.1529(c)(3).

An "ALJ must clearly articulate adequate reasons for discrediting" a claimant's pain testimony. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam). But an ALJ need not "'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [a reviewing

court] to conclude the ALJ considered the claimant's medical condition as a whole." *Brown v. Barnhart*, 158 F. App'x 227, 228 (11th Cir. 2005) (per curiam) (quoting *Dyer*, 395 F.3d at 1211). A reviewing court "will not disturb a clearly articulated credibility finding supported by substantial evidence[.]" *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

In this case, the ALJ articulated clear reasons for discrediting Schneck's testimony regarding the severity and limiting effects of her pain. *Id.* at 63–66. The ALJ thoroughly summarized the record medical evidence before noting that it was inconsistent with Schneck's testimony. *Id.* at 66. The ALJ also explained that Schneck's testimony regarding her pain was inconsistent with her testimony regarding her travel history. *Id.* at 64. Having reviewed the entire record, the Court finds that the ALJ's articulated reasons for discounting Schneck's testimony are supported by substantial evidence. The ALJ therefore did not improperly discredit her testimony.

## IV. CONCLUSION

The Commissioner's decision below is supported by substantial evidence. The ALJ neither erroneously discounted Dr. McClain's medical opinion nor improperly discredited Schneck's testimony regarding the severity and limiting effects of her pain. The Court therefore **AFFIRMS** the Commissioner's decision. The Court will enter a final judgment by separate order.

**DONE** and **ORDERED** November 29, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE